UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.: 5:03-cv-354-OC-GRT

OLD WEST ANNUITY AND LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

THE APOLLO GROUP, a California
Corporation; HANS W. SCHULZ, Trustee of
The Schulz Family Trust, dated 1-1-88, TRAVEL
AMERICA, INC., a Delaware corporation;
TENANT 1, TENANT 2, TENANT 3, and
TENANT 4,

    Defendants.
_____/

**COAST'S MEMORANDUM IN OPPOSITION TO UNITED STATES' NOTICE OF RECENT DECISION IN RELATED CASE AND MOTION FOR LEAVE TO REPLY TO <u>COAST'S OPPOSITION TO UNITED STATES' RULE 60(B) MOTION</u>**

    Defendants, Camp Coast to Coast, Inc. and Affinity Group, Inc. (collectively, "Coast"), by and through its undersigned counsel, hereby files its Memorandum in Opposition to United States' Notice of Recent Decision in Related Case and Motion for Leave to Reply to Coast's Opposition to United States' Rule 60(b) Motion, *et al*. ("Motion for Leave") and states:

    Local Rule 3.01(d) dictates the requirements for seeking leave to file a Reply memorandum in a Motion proceeding:

> A motion requesting leave to file … a reply … shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed … reply …

1

Local Rule 3.01(d). The Motion for Leave purports to be made pursuant to Local Rule 3.01. Yet, the United States has managed to violate every single one of the Rule's requirements. The Motion for Leave is greater than three (3) pages, it does not specify the length of the proposed reply, and most egregiously, it simply flies in the face of the prohibition against attaching the proposed reply.[1] The proper remedy here is strike the Motion for Leave from the record. Torrence v. Pfizer, Inc., 2007 WL 788368, *1 (M.D. Fla. 2007). An Order denying the Motion for Leave should suffice, as well.

The United States' ham-handed attempt to infuse the record of this new, post-trial proceeding, after Coast has filed its Memorandum in Opposition, with its "Notice of Recent Decision," should also be repudiated. Coast will refrain from addressing it on the merits in this document – filed along with a (proposed) reply, it is unauthorized, improper, and manifestly unfair. Diaz v. Jenne, 2007 WL 174154, *4, Fn.2 (S.D. Fla. 2007). It should be stricken from the record, as well.

In the event the Court overlooks the United States' flaunting of the Local Rules and permits the new filings to stand, Coast requests oral argument on the Rule 60(b) Motion.

WHEREFORE, Coast respectfully requests this Court's order striking the Motion for Leave, the proposed Reply attached, and the outside-the-record non-final Ohio decision attached, or alternatively, an Order denying the Motion for Leave, together with such other relief as the Court deems appropriate.

---

[1] Of course, by transgressing the latter two requirements, the United States has attempted to usurp the Court's authority to proscribe the length of the document, and has attached a proposed Reply that is longer than even those that are customarily permitted in the district courts that allow for a reply memorandum as a matter of right.

          Respectfully submitted,

          s/*Howard M. Camerik*
          Howard M. Camerik, Esquire
          Florida Bar No. 703435
          hcamerik@gray-robinson.com
          GrayRobinson, P.A.
          401 East Las Olas Boulevard, Suite 1850
          Fort Lauderdale, FL  33301
          954.761.8111
          954.761.8112 – fax

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2009, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


          s/*Howard M. Camerik*

## SERVICE LIST

Douglas W. Snoeyenbos, Esquire
*Attorney for USA*
Trial Attorney, Tax Division
US Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC  20044

Mark L. Wolfson, Esquire
Foley & Lardner
100 N. Tampa Street,  Suite 2700
Tampa, FL 33601-3391


Kevin P. Mason, Esquire
Greenberg Traurig, LLP
Suite 400
5100 Town Center Cir.
Boca Raton, FL 33486