UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OLD WEST ANNUITY AND LIFE
INSURANCE COMPANY,

        Plaintiff,

UNITED STATES OF AMERICA,

        Intervenor-plaintiff,

-vs-                                      Case No. 5:03-cv-354-Oc-10GRJ

THE APOLLO GROUP, a California
Corporation,

        Defendant.
_____

## **O R D E R**

This case is before the Court for consideration of the United States of America's Rule 60(b) Motion for Relief from Judgment and Other Relief Based on Judicial Estoppel (Doc. 183). Camp Coast to Coast, Inc. ("Coast") has filed a response in opposition to the motion, and it is now ripe for disposition. The Court concludes that the motion is due to be denied.

On July 30, 2008, the Court issued a Memorandum and Opinion finding that the United States' right to distribution of approximately $1.5 million in proceeds from the sale of certain real property in Lake County, Florida, currently held in the Court's registry, was limited to the United States' tax liens against The Apollo Group, Inc. ("Apollo") directly, and that the United States was not entitled to collect from the funds any of its tax liens against

All Seasons Resorts, Inc. based on the United States' assertion that the latter was the alter ego of the former. (Doc. 171). The Court further found that the tax liens against Apollo had priority over Camp Coast to Coast, Inc.'s ("Coast's") judgment lien and should be paid first, with the remaining balance going to Coast.

On August 28, 2008, pursuant to the motion of the United States, the Court directed that the amount due and owing to the United States for its tax liens against Apollo directly - $28,163.27 - be immediately distributed from the Court's registry to the United States, and that distribution of the remaining proceeds due and owing to Coast be stayed pending resolution of an appeal, if any, filed by the United States. (Doc. 178). Final judgment was entered on November 25, 2008 (Doc. 182).

On January 22, 2009, the United States filed an emergency motion to extend until February 23, 2009 its deadline to file a Notice of Appeal, (Doc. 184). The Court granted that motion. (Doc. 185). At the same time, the United States filed its present motion for relief from judgment under Fed. R. Civ. P. 60(b), requesting that the Court vacate its November 25, 2008 judgment, reconsider its June 1, 2005 Order (Doc. 121) denying the United States leave to amend its complaint to assert a claim that Apollo is also the alter ego of a company called Travel America, Inc., and enter a new judgment determining that the federal tax liens against Travel America also attach to the Lake County real property, and, in turn, take distribution priority over Coast's judgment lien.

The United States bases its requested relief on a rather convoluted argument involving a decision in a California state court matter in which Coast, Apollo, and Travel

2

America were all parties.  Travel America, Inc., et al. v. Camp Coast to Coast, Inc., et al., Nos. G028513, G028738, 2003 WL 558563 (Cal. App. 4th Dist. Feb. 27, 2003).  In sum, the United States contends that in a 2001 trial brief in the California matter, Coast allegedly argued that both Apollo and Travel America were alter egos of each other, and that the California Fourth District Court of Appeals implicitly adopted Coast's alter ego theory in a 2003 decision affirming an award of attorneys' fees jointly and severally against Apollo, Travel America, and several other entities.  According to the United States, these two documents, which the United States did not discover until some time after November 25, 2008, conclusively establish that Apollo and Travel America are alter egos of each other, and, in turn, precluded Coast from making any inconsistent argument or statement to the contrary in any subsequent litigation, regardless of jurisdiction, under the doctrine of judicial estoppel.[1]

The United States' motion continues on its tortuous path by next focusing on Coasts' April 25, 2005 response in opposition to the United States' motion for leave to amend its complaint to include the Travel America alter ego theory. (Doc. 119).  The United States urges the Court to find that Coast's assertions in its response that permitting such an amendment would constitute undue delay, and would unduly prejudice Coast by exposing it to new, belated discovery, were in fact implicit statements by Coast that Apollo and

---

[1]The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000).  See also Zedner v. United States, 547 U.S. 489, 503 (2006).

Travel America were not alter egos of each other (otherwise why would Coast need discovery on the issue?). The United States contends that these implied statements directly conflict with Coast's previous position in the California case, and therefore, should have been precluded from consideration by the Court in this case. Under the United States' strained logic, if the Court had ignored Coast's representations concerning undue delay and additional discovery, the Court would have granted the United States leave to amend to include the Travel America alter ego theory, would have ultimately held that Apollo was an alter ego of Travel America, and would have awarded the full balance of the sale proceeds to the United States.

The United States bases its theories under both Fed. R. Civ. P. 60(b)(3) and (6). Pursuant to Rule 60(b)(3), the Court may relieve a party from a final judgment, order, or proceeding for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail under this portion of Rule 60, the United States must show by clear and convincing evidence that Coast obtained its judgment in this case by fraud, misrepresentation, or other misconduct, and that this misconduct prevented the United States from fully and fairly presenting its case. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003); Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987). The United States has not met its burden.

First, the United States has not established - by any evidentiary standard - that Coast committed any fraud, misrepresentation, or misconduct before this Court. The statements the United States points to - that allowing an eleventh hour amendment of the United

4

States' complaint would result in undue delay and additional discovery - in no way equate to a statement that Travel America and Apollo are (or are not) alter egos of each other. These statements merely say exactly what they say - that additional discovery may be required, long after the original discovery period had been closed, and after summary judgment motions had been filed.

The Court further finds that Coast's statements concerning the need for additional discovery have merit. The standards for determining alter ego status in Florida (the law which governed the dispute in this Court) are extremely onerous. Florida courts require persuasive evidence that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. Hillsborough Holdings Corp. v. Celotex Corp., 166 B.R. 461, 468 (M.D. Fla. 1994); In re Homelands of DeLeon Springs, 190 B.R. 666, 669 (M.D. Fla. 1995); Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114 (1984). See also August 1, 2008 Memorandum Opinion (Doc. 171), pp. 16-17. In contrast, it appears that the law of California has only two requirements for the application of its alter ego doctrine: "(1) there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." Automotriz etc. De California v. Resnick, 306 P.2d 1, 3 (Cal. 1957); see also Sonora Diamond Corp.

v. Superior Court, 99 Cal. Rptr. 2d 824, 836 (Cal. App. 5th Dist. 2000). Given these vastly different legal theories establishing alter ego status, it is entirely possible, if not probable that additional discovery would have been necessary in this Court in order to determine whether Apollo and Travel America were alter egos under Florida law.[2]

The United States' argument under Rule 60(b)(3) also fails because the United States has not explained why it did not locate the relevant documents from the California case until after the entry of final judgment here. The United States admits that both Coast's trial brief and the California appellate decision have been available via Westlaw's computerized legal research system since 2001 and 2003, respectively, well before any case was filed in this Court. Indeed, the United States has provided the Westlaw citations for both documents, and it is clear that the United States had the case style and number in its possession since the inception of this litigation. In fact, the California matter the United States seeks to rely on is the same case which resulted in the judgment that Coast sought to execute against the Lake County property in this case. The United States has not provided any explanation for its failure to locate these documents any earlier, and the lack of diligence is fatal to its position. See Pacific & Arctic Ry. and Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991). See also United States v. Reed, 215

---

[2]Furthermore, differences in the legal analysis and evidentiary burdens between California and Florida law governing alter ego status are substantial enough that even if Coast had made a statement in this case that Apollo was not the alter ego of Travel America, the Court could not automatically conclude that such a statement was directly contradictory of Coasts' arguments in the California case and, therefore, that judicial estoppel would have applied.

Fed Appx. 961, 962 (11th Cir. 2007); Solomon v. DeKalb County, Ga., 154 Fed. Appx. 92, 94 (11th Cir. 2005); Waddell, 329 F.3d at 1310; Nebula Glass Intern., Inc. v. Reichhold, Inc., No. 02-60703-CIV, 2006 WL 2434216 at **2-3 (S.D. Fla. May 18, 2006).

Even assuming that Coast did make some sort of misrepresentation concerning the need for additional discovery, the United States has not proven that this misrepresentation prevented it from fully and fairly presenting its case. The Court denied the United States' motion for leave to amend on several grounds, each one independent from the other. Specifically, the Court concluded that

> [t]o allow the United States to amend its complaint, without any acceptable excuse, some five months after the discovery cut-of and over one and one-half years after it filed its complaint, so that it can assert a claim that Apollo was the alter ego of yet another company and therefore responsible for a new set of tax liens would surely work an injustice on Coast in the form of undue delay and prejudice. Such amendment would open up a new round of discovery well after the expiration of the discovery and dispositive motion filing cut-offs and for no reason other than the United States "inadvertent oversight." The United States offers no reason why the interests of justice require leave to amend under the circumstances.

See Doc. 121, pp. 11-12. The Court did not rely solely on Coast's representations concerning the need for additional discovery; rather, the Court also focused on the timing of the requested amendment. Perhaps the most persuasive factor was the United States' failure to provide any real explanation why it did not include Travel America in its original complaint and inability to explain why the interests of justice required amendment. Thus, even without Coast's concerns over additional discovery, the United States has not

established by clear and convincing evidence that the Court would have granted it leave to amend. The United States motion under Rule 60(b)(3) shall be denied. See Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1315-16 (11th Cir. 2007) (denying relief under Rule 60(b)(3) where movant failed to demonstrate alleged misrepresentations and fraud would have changed the outcome of the litigation).

The United States also argues for relief under Rule 60(b)(6), the "catch-all" provision, which provides that relief from judgment may be afforded for "any other reason that justifies relief." However, relief under 60(b)(6) is not available where the basis for the relief requested "fits more naturally" under any of the other provisions of the rule. Williams v. N. Fla. Reg'l Med. Ctr., Inc., 164 Fed. App'x 896, 899 (11th Cir.2006). A court "may not consider as reasons justifying relief under clause (6) any of the reasons justifying relief under the other five subsections of the rule." Hall v. Alabama, 700 F.2d 1333, 1338 (11th Cir.1983) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)). The United States' motion does not present any arguments under Rule 60(b)(6) that are separate and apart from its arguments under Rule 60(b)(3). Therefore it is clear that the United States' motion lies solely within the parameters of Rule 60(b)(3), and cannot be asserted under Rule 60(b)(6).

Accordingly, upon due consideration, the United States of America's Rule 60(b) Motion for Relief from Judgment and Other Relief Based on Judicial Estoppel (Doc. 183) is DENIED. The United States' Notice of Recent Decision in Related Case and Motion for

Leave to Reply to Coast's Opposition to United States' Rule 60(b) Motion Based on Judicial Estoppel (Doc. 190) is DENIED. See Local Rule 3.01(d).[3]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 23rd day of February, 2009.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[3] The United States' reliance on a recent unpublished decision from the United States Bankruptcy Court for the Northern District of Ohio is unpersuasive for a multitude of reasons, not the least of which is the fact that the decision does not address Rule 60(b), but rather focuses solely on the issue of judicial estoppel, an issue which is not dispositive of the present motion. Moreover, the decision does not state that discovery on alter ego status would not be permitted, and in fact requires that the United States prove its *prima facie* case on the issue.